**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2012

Lyle W. Cayce
Clerk

No. 11-60601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OWEN LEVERETTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:11-CR-17-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Owen Leverette appeals the 10-month sentence imposed by the district court upon revocation of the term of supervised release imposed following his conviction for bank fraud. The district court found that Leverette violated a mandatory condition of his supervised release by committing new crimes, specifically, by issuing bad checks, that Leverette violated a standard condition of his supervised release by failing to provide truthful information to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probation officer, and that Leverette violated a special condition of his supervised release by failing to make any restitution payments.

Although Leverette acknowledges that under the policy statement of U.S.S.G. § 7B1.4(a), p.s., his recommended sentencing range is 4 to 10 months, he argues that his 10-month sentence is substantively unreasonable because it is greater than necessary to satisfy the statutory sentencing goals of 18 U.S.C. § 3553(a).  Leverette asserts that a lesser sentence was warranted based on his belief that he was not committing a crime by writing checks on closed accounts, his intention to make financial amends, and the need for the sentence to provide him with educational or vocational training.

We review revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011).  However, because Leverette did not object to his sentence as substantively unreasonable in the district court, review is for plain error only.  *See United States v. Whitelaw*, 580 F.3d 256, 259-61 (5th Cir. 2009).  Thus, Leverette must show a clear or obvious error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129 (2009).  We have discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

The record reflects that the district court implicitly considered Leverette's testimony that he did not believe that he was committing a crime and that he intended to repay the victims, but it nevertheless concluded that a 10-month sentence was appropriate.  As for Leverette's assertion that a lesser sentence would have furthered the need for the sentence to provide him with educational or vocational training, Leverette never specifically mentioned this factor during the revocation hearing and cannot show that the district court plainly erred in failing to specifically address this factor.

Moreover, a district court has broad discretion to revoke its previous sentence and impose a term of imprisonment.  *See* 18 U.S.C. § 3583(e).  The

No. 11-60601

district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. § 3583(e)(3). In this case, Leverette's sentence not only falls within the recommended sentencing range but is also below the three-year statutory maximum term of imprisonment that the court could have imposed upon revocation of his supervised release. *See id*; *see also Whitelaw*, 580 F.3d at 265 (noting that this court generally considers revocation sentences that fall below the statutory maximum to be substantively reasonable). The district court did not plainly err in imposing the 10-month sentence.

Leverette also argues that the written judgment erroneously reflects that he was found guilty of violating the conditions of his supervised release "after denial of guilt," and he requests that the case be remanded so the judgment can be reformed pursuant to Rule 36 of the Federal Rules of Criminal Procedure to reflect that he admitted guilt.

Because Leverette did not have the opportunity to object to the written judgment at sentencing, we review this claim for abuse of discretion, not plain error. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). The record does not reflect, however, that the notation on the written judgment that Leverette was found guilty "after denial of guilt" was either an oversight requiring reformation of the written judgment or an abuse of discretion.

Accordingly, the judgment of the district court is AFFIRMED.